UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| [1] Widallys Rivera-Quinones on behalf of her minor child, A.V.R.<br><br>[2] A.V.R., *a minor*<br><br>    Plaintiffs,<br><br>v.<br><br>[1] **The Taco Maker**, a corporation, partnership or sole proprietorship doing business as The Taco Maker at Santa Juanita Avenue, Bayamon, Puerto Rico<br><br>[2] **The Taco Maker, Inc.,** owner and/or franchisor liable where it designed, built, and/or approved noncompliant facilities.<br><br>[3] DOES 1-100, inclusive.<br><br>    Defendant. | CIVIL ACTION |

**CLASS ACTION COMPLAINT**

**COMES NOW**, A.V.R., Widallys Rivera-Quinones on behalf of her minor child A.V.R. (hereinafter referred to as "Plaintiff") on behalf of themselves and all others similarly situated and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action individually and on behalf of all others similarly situated against [1] Co-Defendant The Taco Maker, a corporation, partnership or sole

proprietorship doing business as The Taco Maker at Santa Juanita Avenue, Bayamon, Puerto Rico and [2] Co-Defendant The Taco Maker, Inc., a franchisor liable where it designed, built, and/or approved noncompliant facilities. (Hereinafter referred to as "Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations, in connection with accessibility barriers at various properties owned and managed by Defendant ("Defendant's facilities").

2. Plaintiff has a mobility disability and is limited in the major life activity of walking, which has caused her to be dependent upon a wheelchair for mobility.

3. Plaintiff has patronized Defendant's facilities in the past, and intends to continue to patronize Defendant's facilities. However, unless Defendant is required to remove the access barriers described below, Plaintiff will continue to be denied full access to Defendant's facilities as described, and will be deterred from fully using Defendant's facilities.

4. Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's facilities violate federal law as described and an injunction requiring Defendant to remove the identified

access barriers so that Defendant's facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA. Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

### THE ADA AND ITS IMPLEMENTING REGULATIONS

5. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

6. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

7. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

8. Defendant is required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR 36.304(a) and 42 U.S.C. Section 12182(b)(2)(A)(iv); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.
9. Defendant owns, operates, controls and/or leases places of public accommodation.
10. Defendant's facilities are not fully accessible to, and independently usable by individuals who use wheelchairs.
11. While Defendant has centralized management policies regarding the design, construction and maintenance of its facilities, those policies are inadequate, and Defendant's

facilities continue to be inaccessible to, and not independently usable by individuals who use wheelchairs.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

13. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

14. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

15. Plaintiff AV.R. is and, at all times relevant hereto, was a resident of the Commonwealth of Puerto Rico. As described above, as a result of her disability, Plaintiff relies upon a wheelchair for mobility. She is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq.

16. Defendant The Taco Maker has a principal place of business at Santa Juanita, Bayamon, Puerto Rico.

17. Defendant The Taco Maker, Inc. has a principal place of business at San Juan, Puerto Rico.

18. Defendant DOES 1-100, inclusive, are owners or operations of the facilities described in paragraph number.

19. Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7)(F).

**VIOLATIONS AT ISSUE**

20. On or around March 14 2016, among others, Plaintiff A.V.R. visited Defendant's property located at Santa Juanita, Bayamon, Puerto Rico. During this visit, Plaintiff experienced unnecessary difficulty and risk because no purportedly accessible parking space was designated as "van accessible."

21. Based upon an investigation performed on Plaintiff's behalf, Plaintiff has become aware of additional architectural barriers at Defendant's facilities. These additional barriers, which were not directly encountered by Plaintiff but which Plaintiff has knowledge of as a result of the investigation conducted in connection with this case, as detailed in the following paragraph.

22. On Plaintiff's behalf, multiple retail locations owned or controlled by Defendant were examined, and the following violations were found:

    a. The Taco Maker, Santa Juanita, Bayamon Puerto Rico
        i. No spaces were designated as "van accessible."

    ii. No access aisle was provided adjacent to one or more purportedly accessible spaces.

    iii. One or more purportedly accessible spaces were not marked with required signs.

    iv. No handicapped parking close to the front doors.

    v. No accessible route from the front door to the public street.

b. The Taco Maker, Royal Town, Bayamon Puerto Rico

    i. No spaces were designated as "van accessible."

    ii. No access aisle was provided adjacent to one or more purportedly accessible spaces.

    iii. One or more purportedly accessible spaces were not marked with required signs.

    iv. No handicapped parking close to the front doors.

    v. No accessible route from the front door to the public street.

c. The Taco Maker, Urb. Montanez, Bayamon Puerto Rico

    i. No spaces were designated as "van accessible."

    ii. No access aisle was provided adjacent to one or more purportedly accessible spaces.

    iii. One or more purportedly accessible spaces were not marked with required signs.

    iv. No handicapped parking close to the front doors.

    v. No accessible route from the front door to the public street.

d. The Taco Maker, Flamboyan Gardens, Bayamon Puerto Rico

    i. No spaces were designated as "van accessible."

    ii. No access aisle was provided adjacent to one or more purportedly accessible spaces.

    iii. One or more purportedly accessible spaces were not marked with required signs.

    iv. No handicapped parking close to the front doors.

    v. No accessible route from the front door to the public street.

e. The Taco Maker, Ave Boulevard, Levittown, Puerto Rico

    i. No spaces were designated as "van accessible."

    ii. No access aisle was provided adjacent to one or more purportedly accessible spaces.

    iii. One or more purportedly accessible spaces were not marked with required signs.

    iv. No handicapped parking close to the front doors.

    v. No accessible route from the front door to the public street.

f. The Taco Maker, El Ocho, Plaza Buena Vista, Bayamon Puerto Rico

    i. No spaces were designated as "van accessible."

   ii. No access aisle was provided adjacent to one or more purportedly accessible spaces.

   iii. One or more purportedly accessible spaces were not marked with required signs.

   iv. No handicapped parking close to the front doors.

   v. No accessible route from the front door to the public street.

23. As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and use Defendant's facilities has been significantly impeded.

24. Though Defendant has centralized policies regarding the management and operation of its facilities, Defendant has never had a plan or policy that is reasonably calculated to make its facilities (or its Franchisees facilities) fully accessible to, and independently usable by individuals with mobility disabilities.

25. As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

26. Plaintiff intends to return to Defendant's facilities to conduct business, i.e. enjoy The Taco Maker well-known tacos and burritos, and to ascertain whether those facilities

remain in violation of the ADA. However, so long as the numerous architectural barriers at Defendant's facilities continue to exist, Plaintiff will be deterred from returning to Defendant's facilities.

27. Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of his rights under the ADA.

## CLASS ALLEGATIONS

28. Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all wheelchair users who have attempted, or will attempt, to access Defendant's facilities.

29. The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

30. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

31. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law

affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

32. Adequacy of Representation: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who is competent and experienced in the prosecution of Title III litigation.

33. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## SUBSTANTIVE VIOLATION

34. The allegations contained in the previous paragraphs are incorporated by reference.

35. Defendant's facilities were altered, designed, or constructed, after the effective date of the ADA.

36. Defendant's facilities were required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C.§ 12183(a)(1).

37. The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs.

38. The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

39. Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

40. Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities. 42 U.S.C. § 12182(a).

41. Defendant has failed, and continues to, fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

42. Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facilities fully

accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

43. Defendant's conduct is ongoing, and Plaintiff has been harmed by Defendant's conduct.

44. Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the class, prays for:

A. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full

compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. An Order certifying the class proposed by Plaintiff, and naming A.V.R. as a class representatives and appointing their counsel as class counsel;

D. Payment of costs of suit;

E. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

F. The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully Submitted,

**/S/JOSE CARLOS VELEZ-COLÓN, ESQ.**
**USDC-PR NO.: 231014**
jcvelezcolon@gmail.com

PO BOX 2013
BAYAMON, PR 00960-2013

TEL: (787) 599-9003

*Attorney for Plaintiff A.V.R., Widallys Rivera-Quinones on behalf of her minor child, A.V.R..*

**Americans with Disabilities Act**
ACCESSIBILITY-RELATED LITIGATION

JOSÉ CARLOS VÉLEZ COLÓN, ESQ.
JCVELEZCOLON@GMAIL.COM

P.O BOX 2013
BAYAMÓN, PR 00960

TEL.: (787) 599-9003